THE STATE EX REL. JAYNOR, APPELLANT, *v.* THE GERSTENSLAGER COMPANY ET AL., APPELLEES.

[Cite as *State ex rel. Jaynor v. The Gerstenslager Co.* (1999), 87 Ohio St.3d 278.]

(No. 97–2527—Submitted November 17, 1999—Decided December 22, 1999.)

*John S. Heath*, for appellant.

*Vorys, Sater, Seymour & Pease L.L.P.* and *Julie M. Larson*, for appellee The Gerstenslager Company.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellee Industrial Commission.

---

***Per Curiam.*** The commission denied wage-loss compensation from December 19, 1990 through May 22, 1996. The court of appeals upheld that decision, and we affirm.

Claimant moved for wage-loss compensation on December 26, 1995. Consequently, the two-year statute of limitations in R.C. 4123.52 bars compensation prior to December 26, 1993—a point claimant conceded at the staff hearing. The commission did not, therefore, abuse its discretion in denying wage-loss compensation prior to December 26, 1993.

We also find no abuse of discretion in the commission's denial of wage-loss compensation from February 3, 1996 though May 22, 1996. Claimant testified that he was earning as much over that period as he had at his former position of employment. As such, claimant was not experiencing the actual wage loss necessary to establish wage-loss compensation eligibility. *State ex rel. Watts v. Schottenstein Stores Corp.* (1993), 68 Ohio St.3d 118, 623 N.E.2d 1202.

We turn finally to the period December 26, 1993 through February 2, 1996. The commission denied wage-loss compensation during this time for two reasons—insufficient medical evidence and lack of good faith job search. Because we find that the commission did not abuse its discretion as to the former reason, we find it unnecessary to address the latter.

The medical evidence of record is replete with discussion of claimant's nonallowed disc conditions. Indeed, we do not find any relevant document that lacks at least a reference to these serious ailments. Consistent with the commission's determination, our review reveals no medical evidence substantiating that claimant's alleged inability to return to his former position of employment is due solely to his allowed condition. As such, claimant has failed to establish the requisite causal relationship between his allowed condition and his diminished earnings from December 26, 1993 through February 2, 1996.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.